### UNITED STATES of America, Plaintiff-Appellee,

v.

### Daryl RIEWE, Defendant-Appellant.

### No. 80–1611.

United States Court of Appeals, Tenth Circuit.

April 22, 1982.

Cecil A. Hartman, Englewood, Colo., for defendant-appellant.

Richard A. Stacy, U. S. Atty., and Tosh Suyematsu, Asst. U. S. Atty., Cheyenne, Wyo., for plaintiff-appellee.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument

would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

■ Daryl Riewe seeks review of a district court order finding him in contempt of court for failing to appear at a hearing where he was to show cause why a summons issued by the Internal Revenue Service (IRS) should not be enforced. The district court ordered Riewe confined in the county jail for a period of thirty days with the provision that he could purge himself of the contempt sanction by providing the records sought by the IRS summons. When reviewing a district court's finding of contempt, we are limited to determining whether the court abused its discretion. *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 226 (10th Cir. 1979).

On August 22, 1979, an IRS summons was served on Riewe directing him to appear before the IRS to testify and to provide for inspection specifically delineated books, records, and other papers. He refused to comply with this summons, and the IRS sought enforcement in the district court pursuant to the provisions of I.R.C. §§ 7402(b) and 7604. On March 18, 1980, Riewe was served with a court order requiring him to appear before the United States magistrate and show cause why the summons should not be enforced. He did not appear at the summons enforcement proceeding. The magistrate proceeded with the case, heard the evidence of the IRS, and recommended to the district court that the summons be enforced and Riewe be held in contempt for failure to appear. The district court then ordered Riewe to show cause why he should not be held in contempt. Riewe appeared at the district court's hearing held on May 14, 1980. That court heard Riewe's testimony and considered the magistrate's recommendations; it concluded that the IRS summons was issued for a proper civil tax determination purpose and that Riewe had failed to show good cause for not appearing at the IRS summons enforcement proceeding. The court held Riewe in contempt and ordered him confined under the conditions noted above. However, the court did not order enforcement of the summons.

■ If the IRS has issued a summons to appear and produce documents, and the taxpayer then does not appear, the IRS has three options. It can seek an order of contempt from the district court, I.R.C. § 7604(b); *Reisman v. Caplin*, 375 U.S. 440, 448–49, 84 S.Ct. 508, 513, 11 L.Ed.2d 459 (1964); it can criminally prosecute the witness, I.R.C. § 7210 (nonappearing witness subject to fine of up to $1,000 and one year in prison); or it can ask the district court to enforce the summons, *id.* §§ 7402(b), 7604. If, as here, the IRS asks the district court to enforce the summons, the court will order the taxpayer to show cause why the summons should not be enforced. *See Donaldson v. United States*, 400 U.S. 517, 520–21, 91 S.Ct. 534, 537, 27 L.Ed.2d 580 (1971). At the enforcement hearing the taxpayer may challenge enforcement of the summons on any appropriate ground, *Reisman v. Caplin*, 375 U.S. 440, 449, 84 S.Ct. 508, 513, 11 L.Ed.2d 459 (1964), and the district court will determine whether the taxpayer's objections have merit.[1] *Id.* at 446, 84 S.Ct. at

---

1. Appropriate defenses include (1) the summons was issued after the IRS had recommended criminal prosecution to the Department of Justice, *United States v. La Salle National Bank*, 437 U.S. 298, 318, 98 S.Ct. 2357, 2368, 57 L.Ed.2d 221 (1978); (2) the summons was issued in bad faith, *id.* at 313; *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964); (3) the materials sought are already in the possession of the IRS, *id.*; and (4) the materials sought by the IRS are protected either by the attorney-client privilege, *Reisman v. Caplin*, 375 U.S. 440, 449, 84 S.Ct. 508, 513, 11 L.Ed.2d 459

(1964), the work-product doctrine, *Upjohn Co. v. United States*, 449 U.S. 383, 397–402, 101 S.Ct. 677, 686–689, 66 L.Ed.2d 584 (1981), or other traditional privileges or limitations, *see United States v. Euge*, 444 U.S. 707, 714, 100 S.Ct. 874, 880, 63 L.Ed.2d 141 (1980). Although no blanket Fourth or Fifth Amendment privileges against testifying or producing documents are recognized, *see United States v. Carroll*, 567 F.2d 955, 957 (10th Cir. 1977), the taxpayer may assert those rights in response to specific questions asked or specific documents sought by the IRS. *See Russell v. United States*, 524 F.2d 1152, 1153 (8th Cir. 1975);

512. If the district court orders the summons enforced, the taxpayer may appeal. If the taxpayer has not appealed or the appellate court has upheld enforcement, and the taxpayer still refuses to comply, then the court may issue an order to show cause why the taxpayer should not be held in contempt for failing to comply with the summons. A taxpayer's failure to show cause at that stage will justify the entry of a civil contempt order. *See United States v. Carroll*, 567 F.2d 955, 957 (10th Cir. 1977).

In the instant case the court did not order taxpayer jailed for failing to comply with the summons, but for failing to show good cause why he had not been present at the summons enforcement proceeding. A district court has broad discretion in using its contempt power to require adherence to court orders. Given the circumstances of this case, the district court's desire to impress Riewe with the seriousness of his non-appearance is understandable. Riewe failed completely to respond to the IRS summons. The first order to show cause why the summons should not be enforced was not timely served because the IRS had been unsuccessful in eight attempts to serve Riewe—apparently he was purposefully evading service. Although the second show cause order was served upon Riewe, he neither filed a written response nor appeared before the magistrate as the order required. Finally, after the court issued a bench warrant and set an appearance bond, Riewe appeared before the court to show cause why he should not be held in contempt for failing to appear at the enforcement hearing. The contempt hearing transcript is not part of the appellate record, but the courtroom clerk's record of the hearing notes that both Riewe and an IRS agent testified. From the appellate briefs we infer that Riewe testified he believed the original IRS summons and the district court order to show cause why the summons should not be enforced were invalid. From the district court's finding in the contempt order that Riewe "still refuses" to divulge information or produce records concerning his receipt of taxable income for 1975–78, we infer the district court afforded Riewe another opportunity to comply with the IRS summons at the contempt hearing or at least asked Riewe if he would comply. Justifiably the district court found that Riewe's nonappearance had been willful.

Nonetheless, we think that in this case the district court abused its discretion in imposing civil contempt and imprisoning Riewe. Contempt power should not be used when a court order was issued solely to afford a taxpayer an opportunity to show why the IRS summons should not be enforced.[2] If the taxpayer fails to appear and present any defenses to the summons, the IRS petition followed by a show cause order should be treated like a complaint, *United States v. Pritchard*, 438 F.2d 969, 971 n.4 (5th Cir. 1971), and if the IRS establishes a prima facie case, the only consequence of the taxpayer's failure to appear should be enforcement of the IRS summons. If the district court orders the summons enforced and the taxpayer still refuses to comply, contempt proceedings with the possibility of imprisonment conditioned upon disclosure are warranted.

REVERSED and REMANDED for proceedings consistent with this opinion.

*United States v. Theep*, 502 F.2d 797, 798–99 (9th Cir. 1974); *United States v. Awerkamp*, 497 F.2d 832, 835–36 (7th Cir. 1974); *United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1969).

2. Documents attached to the first IRS petition for enforcement indicate that notwithstanding the court's order to appear, Riewe could choose not to appear. The attachments included a blank "certification of waiver of appearance" whereby Riewe could waive his right to appear at the enforcement proceeding. Although the certificate was not included with the second show cause order served on Riewe, the absence of a blank certificate does not affect Riewe's ability to waive his right to appear.