**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA;
INTERNAL REVENUE SERVICE,

      Petitioners-Appellees,

v.

RODOLFO J. GONZALES,

      Respondent-Appellant.

No. 07-2182
(D.C. No. MC-07-17-BB)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **PORFILIO**, and **ANDERSON**, Circuit Judges.


Rodolfo J. Gonzales appeals pro se from district court orders entered on

July 24 and 26, 2007 (July 2007 orders). Because the July 2007 orders are not

final decisions under 28 U.S.C. § 1291, we dismiss the appeal.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## *Background*

In connection with an investigation of Mr. Gonzales's delinquent taxes, the Internal Revenue Service (IRS) served him in August 2006 with two summonses seeking testimony and production of information. He responded only that he could not appear on the scheduled date. The United States Attorney's Office sent him a demand/last chance letter, asking him to meet with an IRS Revenue Officer on February 28, 2007. He appeared at that meeting without any documents and invoked the Fifth Amendment in response to each of the Revenue Officer's questions.

The United States and the IRS (collectively IRS) filed a First Petition to Enforce IRS Summons in the district court on March 12, 2007, asking the court to order Mr. Gonzales to appear and show cause why he should not be ordered to provide the information sought in the summonses. The petition asked the court to hold him in contempt if he failed to appear as ordered. The district court issued an order to show cause, setting a hearing for March 28, 2007. Mr. Gonzales appeared and presented his arguments in defense of the summonses, but the district court granted the IRS's petition at the hearing. On April 18, 2007, the court entered a written order enforcing the summonses and directing Mr. Gonzales to appear and provide the requested testimony and documents to the IRS on April 19. He appeared on April 19, but did not provide any testimony or documents, again invoking the Fifth Amendment in response to every question

-2-

asked by the Revenue Officer. Mr. Gonzales did not file a notice appealing the April 18 summons enforcement order.

On June 29, 2007, the government filed a Second Petition to Enforce IRS Summons, asking the district court to order Mr. Gonzales to appear and show cause why he violated the court's April 18 order. The IRS asked the court to hold him in contempt if he failed to appear or continued to refuse to provide the testimony and documents. The court issued a second show-cause order, and Mr. Gonzales filed a written response, asserting that he complied with the court's order by appearing and responding to the Revenue Officer's questions on April 19. At a hearing on July 24, the district court held Mr. Gonzales in contempt. The court offered him a chance to purge the contempt by testifying, indicating that if he refused to do so he would be taken into custody. At that point, he opted to testify. Ultimately, the IRS stated that it would consider the summonses satisfied when it received copies of bank statements for two accounts that Mr. Gonzales identified in his testimony. The court then ordered him to obtain and produce the statements to the IRS on or before August 7, 2007. It entered a written order to that effect on July 26, again stating that if he failed to produce the records he may be held in contempt.

Mr. Gonzales filed a notice on July 27, 2007, "appeal[ing] from the summons enforcement action of the district court on July 24, 2007, and any related summons enforcement order entered in this matter." R., Vol. 1, Doc. 13.

*Discussion*

We have an independent duty to examine our appellate jurisdiction. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001). In this case, we asked the parties to submit briefs addressing whether this court has jurisdiction over Mr. Gonzales's appeal. Because we conclude that the July 2007 orders are interlocutory, we do not have jurisdiction to review them.

"Generally, only final decisions of the district court are appealable." *Id.* at 1275; *see* 28 U.S.C. 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts . . . .").

> To be final, a decision ordinarily ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. The finality requirement in § 1291 evinces a legislative judgment that restricting appellate review to final decisions prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequences, but a single controversy.

*Mesa Oil, Inc. v. United States*, 467 F.3d 1252, 1254 (10th Cir. 2006) (citation and quotations omitted).

We agree with Mr. Gonzales that this court has jurisdiction to review a summons enforcement order. *See United States v. Riewe*, 676 F.2d 418, 421 (10th Cir. 1982) ("If the district court orders the summons enforced, the taxpayer may appeal."). But the July 2007 orders are not summons enforcement orders. This conclusion is illustrated by our description in *Riewe* of the process that the IRS follows in seeking to enforce a summons in the district court:

-4-

> If, as here, the IRS asks the district court to enforce the summons, the court will order the taxpayer to show cause why the summons should not be enforced. At the enforcement hearing the taxpayer may challenge enforcement of the summons on any appropriate ground, and the district court will determine whether the taxpayer's objections have merit.

*Id.* at 420 (citations omitted). In this case, the IRS filed a petition to enforce the summonses, the district court held a show-cause hearing, and it entered a written enforcement order on April 18, 2007. That order was final and appealable, *see id.* at 421, but Mr. Gonzales's July 27, 2007, notice of appeal was not timely with respect to it. *See* Fed. R. App. P. 4(a)(1)(B) (providing that a notice of appeal may be filed within sixty days after the order appealed from when the United States or its agency is a party).

Following entry of the summons enforcement order, when Mr. Gonzales persisted in his refusal to provide the requested information, the IRS filed a "second petition," this time asking the district court to order him to show cause why he violated the April 18 order. Thus, in this petition the IRS sought a civil contempt order. *See United States v. Ford*, 514 F.3d 1047, 1050 (10th Cir. 2008) (construing "second petition" by IRS as seeking imposition of civil contempt and sanction). We explained this next stage in the summons enforcement process in *Riewe*:

> If the taxpayer has not appealed or the appellate court has upheld enforcement, and the taxpayer still refuses to comply, then the court may issue an order to show cause why the taxpayer should not be held in contempt for failing to comply with the summons. A

taxpayer's failure to show cause at that stage will justify the entry of a civil contempt order.

676 F.2d at 421. In response to the second petition, the district court ordered Mr. Gonzales to show cause and held him in contempt during the hearing on July 24, 2007; he testified in lieu of being taken into custody; and the court further ordered him to produce his bank account statements. Rather than entering a new summons enforcement order, however, the district court made clear at the hearing that it was ordering him to comply with its previous summons enforcement order. *See* R., Vol. 3 at 38-39 ("I'm going to order you to comply with the Court's prior order. That's why you're here today; you didn't comply with the order."). Thus, the July 2007 orders are not summons enforcement orders. They are, as the government characterizes them, "a step along the way in the contempt process." Aplee. Juris. Memo. at 14. As such, they are not final, immediately appealable orders.

"[T]he general rule [is] that a finding of civil contempt is not reviewable on interlocutory appeal." *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1208 (10th Cir. 1992) (quotation omitted). But "in the *postjudgment* stage of a case, once the finding of contempt has been made and a sanction imposed, the order has acquired all the elements of operativeness and consequence necessary to be possessed by any judicial order to enable it to have the status of a final decision under 28 U.S.C. § 1291." *Id.* (quotations and alteration omitted).

Here, because the July 2007 orders were entered after the district court granted the IRS's petition to enforce the summonses, they qualify as postjudgment orders. But they remain interlocutory because the district court imposed no sanction on Mr. Gonzales. *See id.* (holding contempt order directing party to pay $150,000 appealable because it "was unconditional and could not be avoided by some other form of compliance"); *Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.*, 84 F.3d 367, 370 (10th Cir. 1996) (holding postjudgment contempt order appealable because it "imposed specific, unavoidable sanctions"); *Burkett v. Chandler*, 505 F.2d 217, 224 (10th Cir. 1974) (holding order to show cause not final under § 1291 where there had been no final adjudication of contempt or sentence).

Other courts apply the same rule. *See SEC v. Hickey*, 322 F.3d 1123, 1127 (9th Cir.) (dismissing appeal where court imposed no sanction and party appealed before end of period during which he could purge contempt, because "an adjudication of civil contempt is not appealable *until sanctions have been imposed*" (quotation omitted)), *amended on other grounds*, 335 F.3d 834 (9th Cir. 2003); *U.S. Abatement Corp. v. Mobil Exploration & Producing U.S., Inc. (In re U.S. Abatement Corp.)*, 39 F.3d 563, 567 (5th Cir. 1994) ("It is well-settled that a civil contempt order is not 'final' for purposes of appeal unless two actions occur: (1) a finding of contempt is issued, and (2) an appropriate sanction is imposed."); *Motorola, Inc. v. Computer Displays Int'l, Inc.*, 739 F.2d 1149, 1154 (7th Cir.

1984) ("An order finding a party in civil contempt disposes of all the issues raised only if it includes both a finding of contempt *and* the imposition of a sanction."); *SEC v. Naftalin*, 460 F.2d 471, 475 (8th Cir. 1972) (holding contempt order not appealable until sanction has been imposed); *see also* 15B Charles Alan Wright et al, *Federal Practice & Procedure* § 3917, at 377-79 (2d ed. 1991 & Supp. 2008) ("Finality, in short, requires determination of both liability and sanction . . . .").

### *Conclusion*

> While recognizing that most interlocutory orders disadvantage or inflict some degree of harm on one of the parties to a litigation, this court must balance that concern against the need for efficient judicial administration, the delay caused by interlocutory appeals, and the burden on appellate courts imposed by fragmentary and piecemeal review of the district court's myriad rulings in the course of a typical case.

*Boughton v. Cotter Corp.*, 10 F.3d 746, 748 (10th Cir. 1993). The interlocutory nature of the July 2007 orders is apparent: if Mr. Gonzales fails to comply by producing his bank statements to the IRS, the court may hold him in contempt and impose a sanction, at which point the district court's contempt decision would be subject to appeal. *See Riewe*, 676 F.2d at 421; *Ford*, 514 F.3d at 1051-53 (reviewing civil contempt order against taxpayer who was taken into custody after refusing to provide information in response to IRS summons). Absent imposition

of a sanction, however, we do not have jurisdiction.  *See O'Connor*, 972 F.2d at 1208.[1]

The appeal is DISMISSED for lack of jurisdiction.

Entered for the Court


Jerome A. Holmes
Circuit Judge

---

[1]     Mr. Gonzales makes two additional arguments in support of jurisdiction in his merits reply brief:  (1) that this court has jurisdiction because the July 2007 orders are collateral orders; and (2) that the July 2007 orders are final because the district court imposed a sanction.  We decline to address these arguments because he failed to raise them in his jurisdictional brief or in his opening merits brief. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) (raising issue for first time in reply brief "robs the appellee of the opportunity to demonstrate that the record does not support an appellant's factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result").