FILED
United States Court of Appeals
Tenth Circuit

February 4, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,

Petitioner-Appellee,

v.

PAUL LANOIE, JR.,

Respondent-Appellant.

No. 09-2030
(D.C. No. 1:08-MC-00030-MV)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

Appellant Paul Lanoie, Jr., claims to appeal two oral orders of the district court: the first enforcing an IRS summons and the second finding him in civil contempt. Because no enforcement order was entered and prejudgment civil contempt findings are not reviewable on interlocutory appeal, we dismiss for lack of jurisdiction.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In *United States v. Riewe*, 676 F.2d 418, 420-21 (10th Cir. 1982), we described the process followed by the IRS to enforce an administrative summons. If a taxpayer does not comply with the administrative summons, the IRS can (1) "seek an order of contempt from the district court [under] I.R.C. § 7604(b)"; (2) "criminally prosecute the witness [under] I.R.C. § 7210"; or (3) "ask the district court to enforce the summons [under I.R.C.] §§ 7402(b) [&] 7604[.]" *Id.* at 420. Here, the IRS chose the third option, filing a "Petition to Enforce IRS Summons" with the district court. Admin. R., Vol. 1 at 3. Generally, the district court will then enter an order requiring the taxpayer to show cause why the summons should not be enforced, *see Riewe*, 676 F.2d at 420, and the order in this case was entered on August 12, 2009, ordering Mr. Lanoie to appear at a hearing on January 22, 2009, Admin. R., Vol. 1 at 42.

In the normal course of events, the taxpayer then appears at the hearing and challenges enforcement of the summons. If he loses, the court orders the summons enforced and the taxpayer may appeal the enforcement order to this court. If we affirm, or there is no appeal, the taxpayer must comply or the district court will enter a second show-cause order, this time requiring the taxpayer to show cause why he or she failed to comply with the enforcement order. A failure to show such cause justifies the entry of a civil contempt order. *See Riewe*, 676 F.2d at 421. If the court enters such an order and imposes a sanction, that

post-judgment contempt order may be appealed. *See United States v. Gonzales*, 531 F.3d 1198, 1202 (10th Cir. 2008).

The present case, however, did not follow the normal course of events. A week before Mr. Lanoie was scheduled to appear at the enforcement hearing he met with the IRS but, citing his Fifth Amendment rights, still refused to answer a number of questions. He then filed a motion to dismiss the IRS petition, arguing that it was moot in light of his full compliance with the summons. At the subsequent enforcement hearing, the court and the parties, possibly confused by the pre-hearing meeting with the IRS and dismissal motion, acted as if an enforcement order had already been entered. For example, the district court mistakenly stated that "[t]he Order to Show Cause requested that [Mr. Lanoie] appear to produce the records [and] show cause why [he] shouldn't comply with the IRS subpoena." Admin. R., Vol. 2 at 5. Similarly, government counsel stated: "Your Honor, in accordance with your Order to Show Cause, Mr. Lanoie was told and informed to appear before [IRS officer] Chavez and provide information and certain documents that were requested in the Petition for Enforcement and the Summons." *Id*. at 6. Counsel further assured the court that, because Mr. Lanoie did not give full information, he was "in violation of the Order to Show Cause." *Id*. at 7. The court informed Mr. Lanoie that he did not have a valid Fifth Amendment right to not answer the questions at issue and that he would be arrested for civil contempt if he continued to refuse to answer the

questions. *Id*. at 7-10. Mr. Lanoie continued to refuse and was taken into custody. *Id*. He was released the same day, however, and ordered to contact the IRS officer in question within seven days to provide the information sought in the administrative summons. *Id*., Vol. 1 at 53. He filed the instant appeal instead of complying with the release order.

And that appeal must be dismissed. The jurisdictional defect arises from the fact that the district court never entered a judgment enforcing the summons. Contrary to the description of government counsel at the hearing, the initial show cause order *did not* order Mr. Lanoie to produce anything. It merely ordered him to appear and present his argument as to why he should not be judicially required to produce the sought-after information, which he did. Although it is apparent that the court did not believe Mr. Lanoie's arguments for non-compliance, it nevertheless failed to enter a final summons enforcement order that could have been appealed.

Instead, the district court, apparently thinking an enforcement order had already been entered, and having been assured by government counsel that its previous order required Mr. Lanoie to provide information, found Mr. Lanoie in civil contempt and briefly took him into custody. *That* oral order is not appealable because, since there has been no summons enforcement order, it is a *prejudgment* finding of civil contempt which is not reviewable on interlocutory appeal. *See Gonzales*, 531 F.3d at 1202.

-4-

The government's motion to dismiss is GRANTED and Mr. Lanoie's appeal is DISMISSED for lack of jurisdiction.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge