FILED
United States Court of Appeals
Tenth Circuit

February 10, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES E. ALDRIDGE, JR.,

      Petitioner-Appellant,

v.

UNITED STATES ATTORNEY
GENERAL; AGENT WARDEN RENE
GARCIA,

      Respondents-Appellees.

No. 10-1305
(D.C. No. 1:10-CV-00187-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

James Aldridge, a federal prisoner proceeding pro se,[1] seeks to appeal a district

court order dismissing his 28 U.S.C. § 2241 petition, and an order denying

reconsideration. Because Aldridge did not file a timely notice of appeal, we lack

---

    * The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

    [1] Because Aldridge proceeds pro se, we liberally construe his pleadings. See Hall
v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

jurisdiction to review the first order. Exercising jurisdiction under § 1291, we affirm the denial of Aldridge's motion for reconsideration.

**I**

Aldridge was convicted in the United States District Court for the Western District of Missouri on five counts of aiding and abetting the filing of false tax returns in violation of 26 U.S.C. § 7206(1) and 18 U.S.C. § 2. See United States v. Aldridge, 561 F.3d 759, 762 (8th Cir. 2009). In January 2010, while incarcerated in the Federal Correctional Institute in Englewood, Colorado, Aldridge filed a 28 U.S.C. § 2241 petition in the United States District Court for the District of Colorado. Aldridge's petition alleged that the IRS failed to follow proper administrative procedures before filing criminal charges against him, and did the same with respect to a subsequent civil action. He requested immediate release and dismissal of both the criminal charges and civil proceedings.

After issuing an order to show cause and allowing Aldridge to respond, the district court dismissed the petition. It held that Aldridge's attack on his criminal conviction should have been brought under 28 U.S.C. § 2255 in the district of conviction, and his challenge to civil proceedings was not cognizable in habeas. The court entered judgment on May 4, 2010. Aldridge filed a motion for reconsideration which was executed on June 11, and reached the court several days later. The court denied that motion on June 22. Aldridge's notice of appeal was executed on July 12 and mailed the following day.

**II**

Before addressing the merits of Aldridge's appeal, we must consider our

jurisdiction to do so.  See United States v. Gonzales, 531 F.3d 1198, 1200 (10th Cir. 2008).  Aldridge had sixty days from entry of judgment to file a notice of appeal.  Fed. R. App. P. 4(a)(1)(B).  That deadline is strict and jurisdictional.  See Bowles v. Russell, 551 U.S. 205, 214 (2007).  Aldridge's time to file a notice of appeal therefore expired on July 6, 2010, but he did not sign and mail his notice of appeal until July 12 and 13, respectively.  See Price v. Philpot, 420 F.3d 1158, 1165 (10th Cir. 2005) (under prison mailbox rule, documents are deemed filed when inmate gives them to prison officials for mailing).

Aldridge did file a motion for reconsideration within the time to appeal.  But because that motion was provided to prison officials for mailing more than twenty-eight days after entry of judgment, it is construed as a Fed. R. Civ. P. 60(b) motion for relief from judgment rather than a Fed. R. Civ. P. 59(e) motion to alter or amend judgment. See Ysais v. Richardson, 603 F.3d 1175, 1178 nn.2, 3 (10th Cir. 2010).  Although a Rule 59(e) motion tolls the time to file a notice of appeal, a Rule 60(b) motion filed more than twenty-eight days after judgment does not.  See Fed. R. App. P. 4(a)(4)(A)(iv), (vi). Accordingly, we lack jurisdiction to consider Aldridge's appeal of the district court order dismissing his habeas petition.

Nevertheless, the denial of a Rule 60(b) motion is a separately appealable order. See Stubblefield v. Windsor Capital Grp., 74 F.3d 990, 993-94 (10th Cir. 1996).  Because Aldridge filed a notice of appeal within sixty days of the denial of his Rule 60(b) motion, we possess jurisdiction to review only that order.  See Fed. R. App. P. 4(a)(1)(A).

-3-

## III

We review the denial of a Rule 60(b) motion for abuse of discretion. <u>White v. Am. Airlines, Inc.</u>, 915 F.2d 1414, 1425 (10th Cir. 1990). In reviewing the denial of a Rule 60(b) motion, we "review only the district court's order of denial and not the underlying judgment itself." <u>Stubblefield</u>, 74 F.3d at 994 (quotation omitted). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." <u>Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.</u>, 909 F.2d 1437, 1440 (10th Cir. 1990).

Aldridge does not indicate which of the six Rule 60(b) subsections he believes are relevant to his appeal. The bulk of his filings in this court addresses the propriety of the district court's order dismissing his § 2241 petition—claims over which we lack jurisdiction. <u>See</u> Part II, <u>supra</u>. Construing his filings liberally, <u>see</u> <u>Hall</u>, 935 F.2d at 1110, we distill two Rule 60(b) arguments from Aldridge's brief.

First, Aldridge argues that he is entitled to relief under Rule 60(b)(1) because the district court mistakenly interpreted his petition as challenging ongoing civil proceedings. We agree with the district court's assessment. Aldridge plainly requested dismissal of all "ancillary Civil Actions" in his petition. Second, Aldridge argues that the judge presiding over his case should have been recused, which arguably implicates Rule 60(b)(6)'s "any other reason that justifies relief" prong. But Aldridge fails to identify any specific bases to conclude that the presiding judge was biased or prejudiced against him other than the court's order. "[A]dverse rulings cannot in themselves form the

-4-

appropriate grounds for disqualification." <u>Green v. Branson</u>, 108 F.3d 1296, 1305 (10th Cir. 1997) (quotation omitted). We discern no abuse of discretion in the district court's denial of Aldridge's motion to reconsider.

## IV

For the foregoing reasons, we **DISMISS** for lack of jurisdiction Aldridge's challenge to the district court's order dismissing his § 2241 petition, and **AFFIRM** the district court's order denying reconsideration. Because Aldridge has not advanced a reasoned, non-frivolous argument on appeal, we **DENY** his motion to proceed in forma pauperis. <u>See</u> <u>DeBardeleben v. Quinlan</u>, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Carlos F. Lucero
Circuit Judge