**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CGC HOLDING COMPANY, LLC, a
Colorado limited liability company;
HARLEM ALGONQUIN LLC, an Illinois
limited liability company; JAMES T.
MEDICK, on behalf of themselves and all
others similarly situated,

     Plaintiffs - Appellees,

v.

SANDY HUTCHENS, a/k/a Fred Hayes,
a/k/a Moishe Alexander, a/k/a Moshe Ben
Avraham; TANYA HUTCHENS;
JENNIFER HUTCHENS,

     Defendants - Appellants.

No. 18-1444
(D.C. No. 1:11-CV-01012-RBJ-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **LUCERO**, **MATHESON**, and **MORITZ**, Circuit Judges.

_____

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendants-Appellants Sandy Hutchens, Tanya Hutchens, and Jennifer Hutchens (collectively "the Hutchens Defendants"), proceeding pro se, appeal from a post-judgment[1] order finding them in contempt for failing to pay a discovery sanction and ordering them to pay an additional $500 sanction per day until the contempt is purged by payment of the discovery sanction. Exercising jurisdiction pursuant to 28 U.S.C. § 1291,[2] we affirm.

## I. BACKGROUND

On January 9, 2017, a magistrate judge entered a discovery sanctions order awarding Plaintiffs $62,457.13 in attorney fees and costs incurred in connection with two motions to compel (the "January 2017 order"). The Hutchens Defendants were

[1] The Hutchens Defendants were found jointly and severally liable after a jury trial for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. The jury awarded Plaintiffs-Appellees and the other members of the class action $8,421,367 in compensatory damages. Pursuant to § 1964(c) of RICO, the district court awarded treble damages and, after subtracting pretrial settlements with other defendants, entered partial judgment in the amount of $24,239,101. In an amended judgment, the district court awarded attorney fees, costs, and prejudgment interest, in addition to a revised damages amount of $25,010,252. The Hutchens Defendants appealed from the amended judgment and that appeal is pending before a different panel in this court in case number 18-1014.

[2] Although civil contempt orders may not be appealed in a case before final judgment, "in the *postjudgment* stage of a case, once the finding of contempt has been made and a sanction imposed, the order has acquired all the elements of operativeness and consequence necessary to be possessed by any judicial order to enable it to have the status of a final decision under 28 U.S.C. § 1291." *United States v. Gonzales*, 531 F.3d 1198, 1202 (10th Cir. 2008) (internal quotation marks omitted).

ordered to pay the award by January 31, 2017, but they failed to object to the order or pay the award.[3]

The case proceeded to trial and the jury returned a verdict in favor of Plaintiffs on May 15, 2017. After that date, there were post-trial proceedings in district court related to various matters. The district court entered its amended final judgment on December 18, 2017, and the Hutchens Defendants filed a timely notice of appeal on January 8, 2018.

On May 21, 2018, Plaintiffs filed a motion seeking sanctions, including a finding of contempt of court, based on the Hutchens Defendants' failure or refusal to comply with the January 2017 order. On October 12, 2018, the district court granted

---

[3] Plaintiffs moved for additional sanctions against the Hutchens Defendants based on their failure to pay the sanctions award, including a default judgment. Although defendants' counsel purported to file a response to the motion for additional sanctions on behalf of the Hutchens Defendants, the motion only represented that Sandy Hutchens did not have funds available to pay the sanctions award. The district court denied the motion for additional sanctions, and directed Mr. Hutchens to submit a proposed payment plan. Mr. Hutchens submitted a proposed payment plan; Plaintiffs submitted a response arguing that the proposed payment plan was legally deficient; and Mr. Hutchens submitted a reply to the response. Tanya and Jennifer Hutchens never submitted a payment plan or otherwise explained why they could not pay the sanctions award, which was entered against all three of the Hutchens Defendants. The district court never approved or otherwise ruled on Mr. Hutchens' proposed payment plan. Although the Hutchens Defendants state in the background section of their brief that "[t]here was no resolution of the appropriateness of [Mr. Hutchens's] Proposed Payment Plan" and "it became 'lost' in the process," Aplt. Opening Br. at 8, they do not argue on appeal that the district court erred in failing to address the proposed payment plan, *see id*. at 10-15.

the motion and found the Hutchens Defendants in contempt (the "Contempt Order").

The court ordered "as a sanction that the sanction amount [from the January 2017 order] will increase by $500.00 per day beginning November 1, 2018 and continuing until the contempt is purged by the payment of the discovery sanction amount plus whatever amounts have accumulated pursuant to this order." R. at 409. The Hutchens Defendants timely appealed the Contempt Order.

## II. **DISCUSSION**

### A. *Jurisdiction*

The Hutchens Defendants argue that the Contempt Order was improper because 1) the district court lacked jurisdiction to enter a civil contempt order over a year post-trial and after the judgment was on appeal; and 2) the January 2017 order was subsumed into the judgment on attorney fees.[4] We are not persuaded by their arguments.

"[T]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011) (internal quotation marks omitted). But "an effective notice of appeal does not prohibit all later action in the case by the district

---

[4] The Hutchens Defendants did not challenge the substance of the Contempt Order in their opening brief. Accordingly, they have waived any such challenge. *See Wyoming v. Livingston*, 443 F.3d 1211, 1216 (10th Cir. 2006).

4

court." *Id.* As noted, the district court loses jurisdiction only "over those aspects of the case involved in the appeal," and so it "may address matters that are not comprehended within the appeal." *Id.* at 1226-27 (brackets and internal quotation marks omitted); *see also Garcia v. Burlington N. R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987) ("In collateral matters not involved in the appeal . . . the district court retains jurisdiction.").

In general, the imposition of costs, attorney fees, and contempt sanctions involve collateral issues that may be considered after the principal suit has been terminated. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). But Plaintiffs argue that the district court exceeded its jurisdiction because the Contempt Order will affect their pending appeal of the amended judgment in 18-1014. They fail to explain, however, how the Contempt Order, which was based on Plaintiffs' motion for sanctions filed four months *after* the Hutchens Defendants filed their appeal from the amended judgment, will affect that appeal. The Contempt Order involves a collateral matter that was not comprehended within the Hutchens Defendants' appeal of the amended judgment. The district court was therefore not divested of jurisdiction to consider Plaintiffs' motion seeking sanctions for the Hutchens Defendants' failure to comply with the January 2017 order and to enter its Contempt Order.

The Hutchens Defendants also seem to argue the district court exceeded its authority by issuing the Contempt Order more than a year post-trial. But "[t]he

5

district court has inherent power to enforce compliance with its lawful orders through civil contempt." *Acosta v. Paragon Contractors Corp.*, 884 F.3d 1225, 1238 (10th Cir. 2018) (brackets and internal quotation marks omitted). And the Hutchens Defendants fail to cite to any authority that limits the time for a court to exercise its inherent authority to enforce compliance with its orders. Moreover, the Hutchens Defendants do not argue that the district court lacked jurisdiction to enter the January 2017 order at the time it was entered or that the January 2017 order was unlawful. Because the district court had the jurisdiction and authority to enter the January 2017 order, it had the inherent authority to enforce compliance with that lawful order through its Contempt Order.[5]

## B. *Attorney Fee Awards*

The Hutchens Defendants also argue the attorney fees that they were ordered to pay in the January 2017 order as a discovery sanction were subsumed in the district court's amended judgment on attorney fees. They contend the court therefore

---

[5] *See Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1231 (10th Cir. 2001) (rejecting argument that the district court lacked jurisdiction to enforce compliance with one of its orders through civil contempt, explaining that because the district court had the authority and jurisdiction to enter the order at the time it was entered, "[the court] had the authority to sanction [appellant] for not complying with its order"); *Cf. Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992) ("Given that civil contempt is designed to coerce compliance with the court's decree, it is logical that the [civil contempt] order itself should fall with a showing that the court was without authority to enter the decree.").

could not consider that issue again in granting Plaintiffs' motion for sanctions. We disagree.

After judgment was initially entered in September 2017, Plaintiffs filed a motion for a statutory award of attorney fees pursuant to 18 U.S.C. § 1964(c). In their motion, they requested an award of one-third the amount of the judgment entered against the Hutchens Defendants, to the extent it is collected. Although the Hutchens Defendants objected, the district court explained that "in reality the defendants do not have a 'dog in this hunt'" because "[t]he fee will be taken out of whatever amount is collected, and it will not add to the defendants' burden." Supp. R. at 162. The court granted plaintiffs' motion for a statutory award of attorney fees and entered its amended judgment awarding fees "to the plaintiffs of one-third of the amounts collected on the common fund created by this Amended and Final Judgment." R. at 351.

The Hutchens Defendants have not demonstrated that the attorney fees awarded in the January 2017 order were subsumed in the district court's statutory award of attorney fees. The Hutchens Defendants were not required to pay any additional amounts beyond the damages judgment amount as a result of the statutory award of fees. But the January 2017 order specifically required the Hutchens Defendants to pay the $62,457.13 in fees associated with the discovery violations discussed in that order. Those are the only attorney fees the Hutchens Defendants actually bear the burden of paying.

7

Further, in its order granting the statutory award of attorney fees, the district court noted that discovery disputes required multiple rulings and that the magistrate judge "ultimately imposed substantial monetary sanctions on the defendants (a sanction that had not been paid as of the trial date)." *Id*. at 165. By noting that the discovery sanction remained unpaid, the court's order reinforces that the January 2017 attorney fees award was a sanction and separate from the statutory award of attorney fees. The Hutchens Defendants have not pointed to any language in the district court's attorney fee order that would suggest the fees it awarded in the January 2017 order were subsumed in its statutory award of attorney fees.

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's Contempt Order.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

8