**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 6, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PAMELA MILLER; RANDY
HOWARD; DONNA PATTERSON;
on behalf of themselves and all others
similarly situated,

        Plaintiffs Intervenors-
        Defendants - Appellees,

    v.

BASIC RESEARCH, LLC;
DYNAKOR PHARMACAL, LLC;
DENNIS GAY; DANIEL B.
MOWREY, Ph.D.; MITCHELL K.
FRIEDLANDER,

        Defendants - Appellants.

and

DOES 1 through 50,

        Defendants.

No. 13-4048

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. NO. 2:07-CV-00871-TS-DBP)**

---

Christopher B. Sullivan, Snell & Wilmer, L.L.P. (Wesley D. Felix, Snell &
Wilmer, L.L.P., and Jon V. Harper, Anderson & Karrenberg, with him on the
opening brief, and Wesley D. Felix, Snell & Wilmer, L.L.P., and Richard D.
Burbidge, Jefferson W. Gross, and Aida Neimarlija, Burbidge, Mitchell & Gross,
with him on the reply brief) Salt Lake City, Utah, for Appellants.

Scott R. Shepherd, Shepherd, Finkelman, Miller & Shah, LLP, Media, Pennsylvania (Kevin P. Roddy, Wilentz, Goldman & Spitzer, P.A., Woodbridge, New Jersey, with him on the brief) for Appellees.

---

Before **TYMKOVICH**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

---

**TYMKOVICH**, Circuit Judge.

---

"Eat all you want and still lose weight," said the advertisement for a weight-loss supplement. Consumers who purchased the advertised product and were dissatisfied with the results filed a class action against the manufacturers for false advertising. The parties entered into mediation, where they drafted and signed a document outlining the terms of a settlement. They then informed the district court that the mediation had been successful and, over the following months, exchanged several drafts further documenting the settlement.

But the drafting hit a snag, and the defendants eventually informed the district court that they no longer intended to settle. The plaintiff class then filed a motion to enforce the settlement achieved at the mediation, and the district court granted that motion because it concluded the parties had entered into an enforceable agreement.

On appeal, the plaintiffs contest our interlocutory jurisdiction. The defendants challenge the merits of the district court's conclusion that the parties had, in fact, reached a binding settlement.

We conclude that the case is an impermissible interlocutory appeal because no exceptions apply to the general rule that we must wait for a final judgment in the underlying case before exercising appellate jurisdiction. Finding that we lack jurisdiction, we DISMISS the appeal.

## I. Background

Basic Research produces a weight-loss dietary supplement it calls Akävar 20/50. As part of the marketing campaign for the supplement, Basic and the other parties involved in the product's distribution advertised, among other things, "Eat all you want and still lose weight." A class of purchasers of the supplement who allege they relied on the marketing pitch and were dissatisfied with the results filed suit, claiming the Akävar 20/50 slogan constituted false and misleading advertising.

After discovery and various motions practice, the district court dismissed some of the claims, leaving two corporate defendants and three individual defendants. The court also certified a class "limited to those persons who purchased Akavar in reliance on the slogan 'Eat all you want and still lose weight,'" and we denied permission to appeal the certification. *Basic Research v. Miller*, No. 10-603, slip op. at 2 (10th Cir. Nov. 2, 2010) (Hartz, J., dissenting).

Upon class certification, the parties entered into mediation. After a series of discussions, the defendants' counsel drafted and all parties signed a handwritten "Proposed Terms" document outlining the terms of an expected class

settlement. The parties filed a notice with the district court that the mediation was "successful" and that they were preparing a formal settlement agreement.[1] App. 178.

But, at some point, the lawyers for the defendants stopped participating in the drafting process. The plaintiff class filed a motion to enforce what it considered to be a binding contract.

The district court, after reviewing documentation submitted by the parties, concluded that they had in fact agreed to the material terms of a settlement and any ongoing disagreements concerned only "linguistic changes." *Miller v. Basic Research, LLC*, 2013 WL 1194721, at *1 (D. Utah Mar. 22, 2013). Accordingly, the district court granted the motion to enforce the settlement.

## II. Analysis

As a general matter, the courts of appeal have jurisdiction only to review the "final decisions" of district courts. 28 U.S.C. § 1291. "To be final, a decision ordinarily ends the litigation on the merits and leaves nothing for the court to do

---

[1] In full, the Joint Status Report reads, "Pursuant to the Court's Minute Entry dated June 18, 2012 [Dkt. No. 249], counsel for the Defendants and counsel for the Plaintiffs respectfully submit this Joint Status Report concerning the Parties' efforts to resolve this case. The Parties state:
1) The Parties jointly participated in mediation on September 10, 2012 with mediator Mr. Antonio Piazza in San Francisco, California.
2) The mediation was ultimately successful.
3) The Parties are now engaged in the process of preparing and finalizing a formal settlement agreement, together with a motion seeking Court approval of this agreement." App. 178.

but execute the judgment." *United States v. Gonzales*, 531 F.3d 1198, 1201 (10th Cir. 2008).  The parties here agree that the district court has not yet reached its final decision since it has not approved the proposed settlement as is required in class actions under Rule 23 of the Federal Rules of Civil Procedure.  Thus, without an exception to the final judgment rule, we lack appellate jurisdiction.

The defendants offer two exceptions to the rule.  *First*, we may review the issuance or denial of injunctive relief.  28 U.S.C. § 1292(a)(1).  To qualify for that exception, the defendants contend the district court's order granting enforcement of the settlement is the functional equivalent of an injunction because it prospectively controls the rights and liabilities of the parties to a large extent.  *Second*, we have jurisdiction to resolve certain collateral orders when their effect on the litigation is significant.  *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949)).  The defendants contend that the district court order is an appealable collateral order because their rights will be effectively unreviewable at a later time in the litigation.[2]

Section 1292(a)(1)'s grant of jurisdiction allows us to review district court orders "granting, continuing, modifying, refusing or dissolving injunctions."  28 U.S.C. § 1292(a)(1).  Federal Rule of Civil Procedure 65 requires a court entering

---

[2]  Another basis for appellate jurisdiction is to ask the district court to certify under Federal Rule of Civil Procedure 54(b) and 28 U.S.C. § 1292(b) that a controlling question of law has been decided and that appellate review is appropriate.  The defendants did not attempt to invoke this basis for jurisdiction.

an injunction to "(A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d); *see also* 13-65 James Wm. Moore et al., Moore's Federal Practice § 65.60 (3d ed. 2014).

The district court did not formally enter an injunction in this case. But "[w]hen an order, although not expressly denying or granting an injunction, has the practical effect of doing so," it is appropriate to exercise jurisdiction in limited circumstances. *Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 874 F.2d 1346, 1351 (10th Cir. 1989). Thus, an order that has the practical effect of an injunction can be appealed if (1) the "appeal will further the statutory purpose of permitting litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence" and, (2) the order can be "effectually challenged" only by immediate appeal. *Carson*, 450 U.S. at 84 (internal quotation marks omitted); *see also Forest Guardians v. Babbitt*, 174 F.3d 1178, 1185 (10th Cir. 1999) (serious consequences found where there was potential harm to an endangered species); *United States v. McVeigh*, 157 F.3d 809, 813 (10th Cir. 1998) (serious consequences found where the right to a fair trial might be compromised); *Hutchinson v. Pfeil*, 105 F.3d 566, 570 (10th Cir. 1997) (no serious consequences alleged in dispute over value of a painting).

Appellate jurisdiction can also be based on the so-called collateral order doctrine. Under the collateral order doctrine, the district court's "order must [1] conclusively determine the disputed question [on appeal], [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *In re Tri-Valley Distrib., Inc.*, 533 F.3d 1209, 1215 (10th Cir. 2008). But this exception to the final judgment rule is narrow. *United States v. Wampler*, 624 F.3d 1330, 1334 (10th Cir. 2010) ("In case after case in year after year, the Supreme Court has issued increasingly emphatic instructions that the class of cases capable of satisfying this 'stringent' test should be understood as 'small,' 'modest,' and 'narrow.'").

The third factor of the collateral order doctrine is most relevant here. The "decisive consideration" in determining whether an order is effectively unreviewable is "whether delaying review until the entry of final judgment would imperil a substantial public interest or some particular value of a high order." *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 107 (2009) (internal quotation marks omitted). "[T]he chance that the litigation at hand might be speeded, or a particular injustice averted, does not provide a basis for jurisdiction under § 1291." *Id.* (internal quotation marks omitted).

The defendants contend the district court's order imposes serious or irreparable consequences on them and the litigation and is practicably unreviewable in a later appeal. First, they claim the settlement is fundamentally

unfair to the putative class members. They plan to challenge the settlement at the fairness hearing required under Federal Rule of Civil Procedure 23,[3] and thus argue that denying appellate review places counsel in a bind in defending a settlement they say is unfair to the class. Second, they claim the expense of notifying the class of the settlement cannot be undone by a later appeal. They also claim that, if they disclose the details of an unfair settlement to the class and the court later rejects that settlement, the disclosure will prejudice their ability to later try the case or achieve a better settlement for the class. Finally, they claim the class will view the notification of the settlement as a tacit acknowledgment of liability.

We find none of these reasons sufficient to confer appellate jurisdiction. Even assuming that the order has the practical effect of an injunction, we are not persuaded that delaying appellate jurisdiction imposes serious consequences or that the district court's decision finding a binding settlement will effectively evade appellate review.

First, the fairness to the plaintiff class will be addressed at the Rule 23 hearing. At that point, the plaintiff class and the district court will be able to evaluate the merits of the proposed settlement. While we appreciate that the district court has ordered the defendants to submit the settlement for a fairness

---

[3] Rule 23 provides that "the court may approve [a settlement that would bind class members] only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e).

hearing, nothing prevents them from asserting the same objections to the settlement they have made here or otherwise reserving their prospective right to contest the settlement and its terms.

Second, although they object to the cost of the notice, the defendants have not quantified the cost of notice or even the size of the class to demonstrate the financial burden they face. To be sure, some possibility exists that the settlement will not be approved or will be overturned on appeal, and thus the cost of notification would have been theoretically unnecessary. That is true in every case where a party contests the validity of a settlement. Here, the parties apparently contemplate an email notice, and we are not persuaded the expense of notifying the class will result in serious or irreparable harm.

Nor are we persuaded that sending out notice would diminish the likelihood of a future settlement or prejudice the ongoing litigation. If the settlement is not approved, the defendants have not demonstrated with any specificity how the opportunity for a more favorable settlement or their right to a fair trial might have been prejudiced. In any event, if the district court approves the settlement, the court's decision will eventually be reduced to a final judgment susceptible to appellate review, including the efficacy of the settlement and other issues (such as class definition) that might flow from a rejection of the settlement.

Finally, we do not see the proposed settlement as an admission of liability. Not only do parties regularly settle disputes without stipulating liability, the

language in the record expressly states that the defendants do not concede liability. It is worth noting, moreover, that the district court will be required to approve the contents of the notice before it goes to the class, and any special concerns, including the framing of the defendants' denial of liability or the defendants' objections to the settlement, can be addressed by the district court in the first instance.

In sum, because the district court's order does not qualify for interlocutory review or review under the collateral order doctrine, we lack jurisdiction until the district court issues a final decision and therefore DISMISS this appeal.