FILED
United States Court of Appeals
Tenth Circuit

July 31, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHAEL R. MCKINSEY;
DEBORAH E. MCKINSEY,

       Plaintiffs-Appellants,

v.

GMAC MORTGAGE, LLC;
DEUTSCHE BANK NATIONAL
TRUST COMPANY AMERICAS, as
trustee for securitized trust Harborview
Mortgage Loan Trust Mortgage Loan
Pass-Through Certificates, Series
2006-14; WELLS FARGO BANK, N.A.;

       Defendants-Appellees.

BANK UNITED, FSB; PUBLIC
TRUSTEE OF GUNNISON COUNTY,
COLORADO; ALL UNKNOWN
PERSONS WHO CLAIM ANY
INTEREST IN THE SUBJECT
MATTER OF THIS ACTION,

       Defendants.

No. 13-1335
(D.C. No. 1:13-CV-00084-REB-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **MATHESON**, **PORFILIO**, and **PHILLIPS**, Circuit Judges.

Plaintiffs Michael and Deborah McKinsey, appearing pro se, appeal a district court order that dismissed in part, and stayed in part, their claims against several financial institutions arising out of the foreclosure of their home, and denied their motion for default judgment against several of the defendants. Ms. McKinsey also appeals the ruling in that same order denying her motion for a temporary restraining order and preliminary injunction. We have jurisdiction to review only the denial of injunctive relief, which we affirm.

## BACKGROUND

In 2006, the McKinseys signed a note to obtain a mortgage loan of $525,000, secured by a deed of trust to their home. They defaulted, and in 2012 the holder of the note, defendant GMAC Mortgage, LLC (GMAC), foreclosed on their home. The McKinseys filed a complaint in state court against GMAC and numerous other financial institutions. Three of those defendants, GMAC, Deutsche Bank National Trust Company Americas (Deutsche Bank) and Wells Fargo Bank, N.A. (Wells Fargo); collectively referred to as the Appellees, removed the suit to federal court.

GMAC then filed a notice of bankruptcy, advising the district court that as a result of its prior Chapter 11 bankruptcy filing, all of the McKinseys' claims against it seeking monetary relief were subject to an automatic stay. Certain claims were

- 2 -

permitted to proceed, however, including, as relevant here, claims asserted by a borrower that relate "to the property that is the subject of the loan owned or serviced by [GMAC] for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure," so long as such claims did not seek monetary relief of any kind. Aplt. App. Vol. 1, at 130-31 (bankruptcy court order regarding GMAC automatic stay).

The Appellees moved to dismiss the as-then-amended complaint under Fed. R. Civ. P. 12(b)(6) and 9(b). The McKinseys, now proceeding pro se, did not respond directly to the motion to dismiss; instead they filed a motion seeking default judgment against the Appellees.[1] The magistrate judge issued a detailed Report and Recommendation (R&R) on these motions. While the R&R was under review, Ms. McKinsey filed a motion for a temporary restraining order (TRO) and/or a preliminary injunction.[2] She requested the district court to order the Appellees to

___

[1] The McKinseys also filed a motion to voluntarily dismiss all of the defendants without prejudice under Fed. R. Civ. P. 41(a). The magistrate judge recommended denying the motion as to the Appellees but granting it as to all the remaining defendants, namely Bank United, FSB; Public Trustee of Gunnison County Colorado; and All Unknown Persons Who Claim Any Interest in the Subject Matter of this Action. Aplt. App., Vol. 2, Part 1 at 115, 130. It is unclear from the district court's order whether it adopted this recommendation to deny the Rule 41(a) only as to the Appellees or if it denied the Rule 41(a) motion as to all defendants. *See id*. Vol 2, Part 2 at 395. The McKinseys, however, do not appeal the district court's Rule 41(a) ruling. Aplt. Br. at 4.

[2] Although Ms. McKinsey purported to submit this motion on behalf of both McKinseys, only she signed the pleading and a pro se litigant may not represent other pro se litigants in federal court. *See* Fed. R. Civ. P. 11(a); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

stop any sale or transfer of the residential real property and to return it and related personal property, including a hot tub and gazebo.

The district court, adopting the R&R, (1) denied the McKinseys' motion for default judgment, rejecting their claim that Appellees had failed to timely file an answer; (2) dismissed with prejudice under Rules 12(b)(6) and 9(b) all claims against Deutsche Bank and Wells Fargo; and (3) stayed in part and dismissed in part under Rules 12(b)(6) and 9(b) the claims against GMAC. As to GMAC, it (a) dismissed with prejudice the claims for lack of standing; quiet title; declaratory relief; and rescission, except to the extent the McKinseys sought monetary damages as to these claims; and (b) stayed the claims for fraud in the concealment; fraud in the inducement; intentional infliction of emotional distress; slander of title; violations of the Truth in Lending Act; violations of the Real Estate Settlement Procedures Act; and any monetary damages aspect as to any of the McKinseys' claims.

Finally, the district court denied Ms. McKinsey's motion for a TRO or preliminary injunction, which was not subject to the automatic stay. It ruled Ms. McKinsey had failed to show a substantial likelihood that she would prevail on the merits, one of the elements required to obtain injunctive relief. The court then administratively closed the case.

## JURISDICTION

The McKinseys' appeal challenges the district court's denial of their motion for default judgment and its dismissal under Rules 12(b)(6) and 9(b) of the claims in

their amended complaint. Ms. McKinsey also appeals the district court's denial of her motion for TRO and preliminary injunction. With the sole exception of the district court's denial of Ms. McKinsey's request for a preliminary injunction, we lack appellate jurisdiction to review the McKinseys' challenges.

Generally, this court has jurisdiction to review only the final decisions of a district court. *Miller v. Basic Research, LLC*, 750 F.3d 1173, 1175 (10th Cir. 2014) (citing 28 U.S.C. § 1291). "A final judgment is one that terminates all matters as to all parties and causes of action." *Utah v. Norton*, 396 F.3d 1281, 1286 (10th Cir. 2005) (internal quotation marks omitted). Here, the district court's order did not resolve all of the claims against GMAC; it stayed those claims that were subject to the bankruptcy automatic stay.[3] An otherwise non-final order does not become final and appealable because the district court administratively closed the case after issuing the order. *Crystal Clear Commc'ns, Inc. v. Sw. Bell Tel. Co.*, 415 F.3d 1171, 1176 (10th Cir. 2005); *see also Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 247 (3d Cir. 2013) (same, explaining that administrative closings only remove a case from the court's active docket).

Thus, we lack jurisdiction to review the district court's ruling on the Appellees' motion to dismiss under Rules 12(b)(6) and 9(b). We also lack jurisdiction to review the district court's denial of the McKinseys' motion for default

---

[3] Furthermore, if the district court denied the McKinseys' Rule 41(a) motion as to all defendants, then none of the claims against the remaining defendants have been resolved.

- 5 -

judgment at this interlocutory stage. *See Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987) (denial of motion for default judgment is a non-final interlocutory order).

We do have appellate jurisdiction, however, to review the district court's denial of Ms. McKinsey's motion for injunctive relief because 28 U.S.C. § 1292(a)(1) permits appellate review of district court orders "granting, continuing, modifying, refusing or dissolving injunctions." Generally, the denial of a temporary restraining order is not appealable. *Populist Party v. Herschler*, 746 F.2d 656, 661 n.2 (10th Cir. 1984) (per curiam). But here it is appealable because "the order in reality operate[d] as [the denial of] a preliminary injunction." *Id.* (internal quotation marks omitted); § 1292(a)(1).

## DISCUSSION

A party seeking a preliminary injunction must demonstrate four elements: (1) a likelihood of success on the merits; (2) a likelihood that the party will suffer irreparable harm in the absence of a preliminary injunction; (3) that the balance of equities tip in the party's favor; and (4) that the injunction serves the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). When a district court denies a motion for a preliminary injunction, we review that order for abuse of discretion only. *Id.* at 1250. A district court abuses its discretion when its conclusion rests on an erroneous legal premise or when its conclusion is arbitrary or manifestly unreasonable. *Id.* After reviewing the record, we are satisfied that the district court

did not abuse its discretion in concluding that Ms. McKinsey failed to establish likelihood of success on the merits.

The McKinseys' motion to submit supplemental appendix is granted. We affirm the district court's denial of Ms. McKinsey's motion for injunctive relief, and we dismiss the remainder of the appeal for lack of jurisdiction.

Entered for the Court


John C. Porfilio
Circuit Judge