**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PARKER LIVESTOCK, LLC,

      Plaintiff - Appellant,

v.

OKLAHOMA NATIONAL STOCK
YARDS COMPANY; FISHER ORDER
BUYING, LLC; FARMERS
COMMISSION COMPANY; CENTRAL
HALLIBURTON COMMISSION
COMPANY; ROBERT FISHER; JOEY
FISHER; GLENN PAYNE; BAILEY
BALLOU,

      Defendants - Appellees.

No. 13-6303
(D.C. No. 5:13-CV-00518-R)
(W. D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **LUCERO** and **McHUGH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore, submitted without oral argument.

Parker Livestock, LLC (Parker Livestock) filed suit against the Oklahoma National Stock Yards Company (ONSY) and several other companies and individuals alleging that the defendants engaged in unjustly discriminatory, deceptive, and anti-competitive conduct in violation of state and federal law, including § 312 of the Packers and Stockyards Act, 7 U.S.C. § 213.  The district court determined that primary jurisdiction for the issues raised in Parker Livestock's complaint under the Packers and Stockyards Act lies with the Department of Agriculture and ordered the case stayed pending a decision by the Secretary of Agriculture.  Parker Livestock appeals from the district court's order.  Because the district court's stay order was not a final or immediately appealable decision, we lack appellate jurisdiction and dismiss.

# I

ONSY operates a livestock auction in Oklahoma City, Oklahoma.  Parker Livestock is a livestock dealer that regularly participates in ONSY's auctions.  John Parker is Parker Livestock's owner and sole representative.  The remaining defendants are either stockyard service providers for ONSY or competitors of Parker Livestock.

In March 2012, John Parker complained to the Department of Agriculture that illegal activity was occurring at ONSY's auctions.  Specifically, John Parker claimed that an ONSY auctioneer was illegally bidding and buying cattle out of consignment in

2

violation of 9 C.F.R. § 201.56(c).[1]  Shortly thereafter, ONSY banned John Parker from its auctions and canceled Parker Livestock's lease for office space on ONSY's premises. Parker Livestock viewed these acts as retaliatory.

Parker Livestock then filed suit against ONSY and several other defendants alleging, in part, that ONSY's retaliatory acts violated § 312 of the Packers and Stockyards Act, which prohibits any market agency from "engag[ing] in or us[ing] any unfair, unjustly discriminatory, or deceptive practice or device in connection with . . . [the] marketing . . . or selling . . . of livestock."  See 7 U.S.C. § 213(a).  Parker Livestock further alleged that: (i) ONSY breached its lease, (ii) ONSY committed conversion when it took possession of its office space, (iii) the defendants tortiously interfered with Parker Livestock's business relationships and conspired to do the same, (iv) the defendants conspired to violate the Packers and Stockyards Act, and (v) Parker Livestock was entitled to injunctive relief.

After bringing suit in federal court, Parker Livestock filed a motion for a preliminary injunction requiring ONSY to return Parker Livestock to the status quo by restoring Parker Livestock's lease and by permitting John Parker to again participate in ONSY's auctions.  The district court did not rule on Parker Livestock's motion.  Instead, the court issued an order staying the case, finding that Parker Livestock lacked prudential standing to assert claims based on John Parker's legal rights and that Parker Livestock's

---

[1] 9 C.F.R. § 201.56(c) provides that "[n]o market agency engaged in selling livestock on commission shall permit its auctioneers . . . to purchase livestock out of consignment for any purpose for their own account, either directly or indirectly."

claims under § 312 of the Packers and Stockyards Act should be referred to the Secretary of Agriculture under the primary jurisdiction doctrine. The court considered referral to the Secretary to be appropriate because the Packers and Stockyards Act fails to define what constitutes an unfair, unjustly discriminatory, or deceptive practice and a determination by the Secretary would "help promote the uniform definition of these terms." App. at 319. The district court further noted that referral was proper because there was already "an ongoing investigation by the Secretary regarding Parker Livestock's claims." Id. at 320. Recognizing that resolution of the issues referred to the Secretary of Agriculture "would resolve the vast majority of th[e] dispute," id. at 321, the court ruled that it would stay the proceedings and "reopen[] [the case] if necessary" after it received the Secretary's ruling. Id. at 324.

Parker Livestock subsequently filed a motion asking the court to reconsider and clarify its order. Specifically, Parker Livestock requested that the court rule on its motion for a preliminary injunction, clarify its referral to the Secretary of Agriculture in light of its finding that Parker Livestock lacked prudential standing, certify its standing and primary jurisdiction holdings for immediate appeal, and reconsider its ruling on these issues. The district court denied Parker Livestock's motion in its entirety. The court noted that "[b]ecause the proceedings were stayed, [it was] not bound to currently rule upon Plaintiff's Motion for Preliminary Injunction." Id. at 349. It also noted that it would be inappropriate for it to certify its standing and primary jurisdiction decisions because both those issues "are intensely factual and would require the appellate court to

4

carefully study the record to make any ruling." Id. at 350-51.

Parker Livestock filed a notice of appeal. This court suspended briefing on the merits and ordered the parties to submit memoranda on the question of whether the district court entered a final or immediately appealable decision in light of Crystal Clear Commc'ns, Inc. v. Sw. Bell Tel. Co., 415 F.3d 1171 (10th Cir. 2005). After receiving memoranda from both parties, briefing on the merits resumed.

**II**

Parker Livestock argues on appeal that the district court erred in staying the case and in referring its Packers and Stockyards Act claim to the Secretary of Agriculture. Before considering the merits of this appeal, however, we must determine whether we have appellate jurisdiction.

Parker Livestock argues three bases for jurisdiction. First, it contends the district court's stay order was a final decision over which we have jurisdiction pursuant to 28 U.S.C. § 1291. Second, it argues the district court's refusal to rule on its preliminary injunction was in effect a denial of its application for an injunction and appealable under 28 U.S.C. § 1292(a)(1). Finally, it argues the district court's order was an appealable collateral order.

**A. 28 U.S.C. § 1291**

Generally, we have jurisdiction over "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. A district court's decision is final when it "ends the litigation on the merits and leaves nothing for the court to do but

5

execute the judgment." Gray v. Baker, 399 F.3d 1241, 1244 (10th Cir. 2005) (quotation omitted). "[A] district court's decision to stay litigation 'is not ordinarily a final decision,'" but the Supreme Court has "recognized an exception to this general rule" when "the stay order operates to put a party 'effectively out of court.'" Crystal Clear Commc'ns, Inc. v. Sw. Bell Tel. Co., 415 F.3d 1171, 1175 (10th Cir. 2005) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 10 & n.11 (1983)). However, "[i]f a stay merely delays litigation and does not effectively terminate proceedings, it is not considered a final decision." Id. at 1176.

In Crystal Clear, we addressed an issue very similar to the issue presented here. The plaintiff brought suit under the Sherman Antitrust Act and the Oklahoma Antitrust Reform Act to prevent the defendant from unlawfully engaging in anti-competitive conduct. We examined whether the district court's decision to stay the proceedings pending resolution of certain issues by the Federal Communications Commission and the Oklahoma Corporation Commission effectively ended the case. We concluded that it did not because, when viewed in its entirety, the district court's order clearly "intended to refer only particular issues to those agencies," and contemplated "an eventual return to federal court." Id. at 1176-77. Thus, we held the district court's order did not effectively terminate the litigation, but rather merely delayed it. Id. at 1178.

Like the order in Crystal Clear, the district court's order in this case referred only a particular issue to the Secretary of Agriculture—whether the defendants violated § 312 of the Packers and Stockyards Act—and left open the possibility of the case's eventual

6

return to federal court. Indeed, the district court specifically indicated that it was staying the proceedings so that it could "reopen[] [the case] if necessary" after the Secretary ruled on the whether § 312 of the Packers and Stockyards Act had been violated. App. at 324. The district court did not permanently relinquish jurisdiction over the case or "put [Parker Livestock] effectively out of court." Crystal Clear, 415 F.3d at 1175.

Parker Livestock attempts to distinguish its case from Crystal Clear on the ground that the Secretary of Agriculture lacks the authority to hear the issue referred to it by the district court. Parker Livestock reasons that the district court's order therefore effectively terminated the litigation. See Aplt. Br. at 7. In making its argument, Parker Livestock points to § 309 of the Packers and Stockyards Act as controlling authority on the Secretary's jurisdiction to hear this case. That section gives the Secretary of Agriculture the authority to adjudicate claims for violations of §§ 304-307, but not for § 312.[2] See § 309, 42 Stat. 165 (1921). According to Parker Livestock, this prevents it from presenting its § 312 claim to the Secretary. We disagree.

While it may be true that the Secretary lacks the authority to hear complaints for violations of § 312 under the process outlined in § 309, Parker Livestock ignores the grant of authority given to the Secretary under § 312 itself. Section 312 states that "[w]henever complaint is made to the Secretary by any person" that a "stockyard owner, market

[2] Parker Livestock also argues that the district court erred in interpreting § 309 by relying on the language of the United States Code instead of the United States Statutes at Large. See Aplt. Br. at 7-8. Because we conclude that the Secretary's alternative grant of authority under § 312 is controlling in this case, we need not resolve whether the district court erred in its interpretation.

7

agency, or dealer is violating the provisions of [§ 312(a)], the Secretary after notice and full hearing may make an order that he shall cease and desist from continuing such violation." 7 U.S.C. § 213(b). By its terms, this section gives any person, including Parker Livestock, the right to present its complaint that ONSY, a market agency, is violating § 312 to the Secretary of Agriculture. It also gives the Secretary the authority to determine whether a § 312 violation is occurring and to respond to such a violation by issuing a cease and desist order.[3] It is this authority that the district court relied on when it referred the case to the Secretary. Thus, it cannot be said that Parker Livestock has been left without a forum in which to bring its claims. And, while we recognize that a cease and desist order may not be the specific relief Parker Livestock seeks, it is certainly a form of relief that the Secretary is authorized to grant to prevent § 312 violations. Parker Livestock can always return to federal court to pursue a damages claim if it finds the cease and desist order inadequate, which would be "consistent with the usual course of action in primary jurisdiction cases." Crystal Clear, 415 F.3d at 1178 n.6 (noting that under the primary jurisdiction doctrine, courts "refer particular issues to agencies but

---

[3] It is this point that distinguishes Parker Livestock's case from those on which it relies. See Jackson v. Swift Erkrich, Inc., 53 F.3d 1452, 1456-58 (8th Cir. 1995) (finding use of primary jurisdiction doctrine in error where Secretary lacked authority to hear the referred issue because the section of the Packers and Stockyards Act allegedly violated did not grant the Secretary any authority and other relevant grants of authority did not apply to poultry dealers like the defendant); cf. Mercury Motor Express v. Brinke, 475 F.2d 1086, 1091-92 (5th Cir. 1973) (finding primary jurisdiction proper where there is "concurrent jurisdiction over the same matter" and where "enforcement of [a] claim requires the resolution of issues which . . . have been placed within the special competence of an administrative body"). Here, the Secretary has the authority to act in response to a violation of § 312 and, therefore, has jurisdiction over the matter.

8

reserve final authority on the ultimate issue"); TON Servs., Inc. v. Qwest Corp., 493 F.3d 1225, 1238 (10th Cir. 2007) (primary jurisdiction doctrine "allow[s] an agency to pass on issues within its particular area of expertise before returning jurisdiction to the federal district court for final resolution of the case") (quotation marks and citation omitted).

Given the Secretary's authority under § 312, the district court's stay order does not prevent this case from continuing in federal court, as Parker Livestock argues, but instead merely delays the adjudication of Parker Livestock's remaining claims until the Secretary rules on the matter referred. We are therefore left with a ruling by the district court that is not a final appealable order under 28 U.S.C. § 1291.

**B. 28 U.S.C. § 1292(a)(1)**

Section 1292(a)(1) grants appellate courts jurisdiction to review district court orders "granting, continuing, modifying, refusing or dissolving injunctions." 28 U.S.C. § 1292(a)(1). Parker Livestock contends that because it was entitled to a ruling on its preliminary injunction, which the district court refused to enter, the district court's stay order is the functional equivalent of a refusal and therefore satisfies the requirements of § 1292(a)(1). See Aplt. Br. at 12-13. We reject this argument.

When a district court's order fails to expressly grant or deny an injunction, jurisdiction is appropriate only in those limited circumstances where the order "has the practical effect of doing so." Miller v. Basic Research, LLC, 750 F.3d 1173, 1176 (10th Cir. 2014) (quotation omitted). In addition to demonstrating that the order represents an effective denial, a litigant must also show that "(1) the 'appeal will further the statutory

9

purpose of permitting litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence' and, (2) the order can be 'effectually challenged' only by immediate appeal." Id. (quoting Carson v. Am. Brands, Inc., 450 U.S. 79, 84 (1981)).

Here, we are not convinced that the district court's decision not to rule on Parker Livestock's preliminary injunction was effectively a denial of an injunction. Parker Livestock cites United States v. Lynd, 301 F.2d 818 (5th Cir. 1962), in support of its argument. Lynd, however, is factually distinguishable. In Lynd, the district court declined to rule on a temporary injunction despite having held a hearing in which sufficient evidence was presented which would have entitled the plaintiff to an injunction. Id. at 821. The Fifth Circuit held it had jurisdiction because the plaintiff was "clearly entitled to have a ruling from the trial judge" and the trial judge's refusal to rule "was in all respects a 'refusal' [that] satisfie[d] . . . Section 1292." Id. at 822.

Unlike Lynd, it is not clear from the facts in this case that Parker Livestock was entitled to a ruling on its request for injunctive relief. Here, the court never held a hearing on the injunction, and therefore no evidence was presented that clearly supported Parker Livestock's entitlement to an injunction. The district court's decision also appears similar to the Fifth Circuit's subsequent cases, which have narrowed Lynd. See Overton v. City of Austin, 748 F.2d 941, 952 (5th Cir. 1984) (finding that "the mere failure to grant [a] temporary injunction is not appealable unless there has been an abuse of discretion on the part of the District Judge") (quotation marks and citation omitted); NAACP v. Thompson, 321 F.2d 199, 202 (5th Cir. 1963) (same). Parker Livestock makes no mention of these

10

subsequent cases. It fails to provide us with any evidence demonstrating how the district court abused its discretion in staying the case until it could obtain a ruling by the Secretary of Agriculture; and, it fails to show us how its case is more like <u>Lynd</u> than <u>Thompson</u>. <u>See</u> <u>Thompson</u>, 321 F.2d at 202 (finding no abuse of discretion where district judge delayed ruling on an injunction "to require time for a study of the record and the applicable law"). It is Parker Livestock's burden to establish that we have jurisdiction and it has failed to do so here. <u>See</u> <u>Carson v. Am. Brands, Inc.</u>, 450 U.S. 79, 84 (1981) ("[f]or an interlocutory order to be immediately appealable under § 1292(a)(1), . . . a litigant must show . . . that the order has the practical effect of refusing an injunction").

Because we conclude Parker Livestock has failed to meet its burden of showing that the district court's refusal to rule on its motion for an injunction was an effective denial, we need not reach the other two prongs of the test. Without an effective denial, we lack jurisdiction under § 1292(a)(1).

## C. Collateral Order Doctrine

Finally, Parker Livestock contends that even if the district court's order is not final, we still have jurisdiction under the collateral order doctrine. The collateral order doctrine, first articulated by the Supreme Court in <u>Cohen v. Beneficial Indus. Loan Corp.</u>, allows interlocutory review of non-final decisions "which finally determine claims of right separable from, and collateral to, rights asserted in the action," and which are "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 337 U.S. 541,

11

546 (1949).

"To establish jurisdiction under the collateral order doctrine, [a litigant] must establish that the district court's order (1) conclusively determined the disputed question, (2) resolved an important issue completely separate from the merits of the case, and (3) is effectively unreviewable on appeal from a final judgment." Gray v. Baker, 399 F.3d 1241, 1245 (10th Cir. 2005). These requirements are "stringent" and the collateral order exception narrow. Crystal Clear, 415 F.3d at 1178.

The district court's order in this case is not an immediately appealable collateral order. Crystal Clear is again determinative. In Crystal Clear, the appellant made an argument similar to the one Parker Livestock makes here—that the collateral order exception applies when a district court relies on the primary jurisdiction doctrine to resolve certain issues in the case. Id. at 1178. We, however, disagreed, concluding that "[a] district court's determination of whether to invoke the primary jurisdiction doctrine is not sufficiently separable from the cause of action to qualify for interlocutory review." Id. at 1180. We noted that because the "entire purpose of the primary jurisdiction doctrine is to allow agencies to render opinions on issues underlying and related to the cause of action," its invocation requires a district court "to examine [the] factual and legal issues underlying the dispute." Id. at 1179. Thus, because review of an order invoking primary jurisdiction would require consideration of the merits, we held that a decision on primary jurisdiction does not fall under the collateral order doctrine's exception. Id. at 1180.

12

Our ruling in <u>Crystal Clear</u> leads us to conclude that the district court's stay order in this case is not an immediately appealable collateral order. It does not resolve an issue completely separable from the merits and it is not appropriate for interlocutory review. Indeed, if we were to review the order, we would be forced to delve into the facts underlying Parker Livestock's dispute and that would exceed the limitations placed upon us by the collateral order doctrine. Accordingly, the collateral order exception does not apply and we lack jurisdiction to review the district court's stay order.

## III

Because the district court's stay order was neither a final decision nor an immediately appealable interlocutory order, we lack jurisdiction and dismiss.

Entered for the Court

Mary Beck Briscoe
Chief Judge

13