**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 1, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CLEARONE COMMUNICATIONS,
INC., a Utah corporation,

      Plaintiff–Appellee,

v.

ANDREW CHIANG; JUN YANG;
LONNY BOWERS; WIDEBAND
SOLUTIONS, INC., a Massachusetts
corporation; VERSATILE DSP, a
Massachusetts corporation; BIAMP
SYSTEMS, an Oregon corporation,

      Defendants.

----------------------------------

DONALD BOWERS,

      Interested Party–Appellant.

Nos. 14-4052, 14-4064, 14-4094,
14-4103, 14-4104 & 14-4108
(D.C. No. 2:07-CV-00037-DN)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **LUCERO**, and **MATHESON**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Donald Bowers, proceeding pro se, appeals from six different orders entered against him in post-judgment civil contempt proceedings.[1] We dismiss five of the appeals for lack of jurisdiction, as the contempt proceedings are ongoing in the district court and none of these non-final orders provide a basis for interlocutory review. Pursuant to 28 U.S.C. § 1292(a)(1), we have jurisdiction to review the interlocutory appeal in appeal number 14-4103. We affirm the district court's order in that appeal.

## I

The parties are familiar with the long and tortuous history of this litigation, and we will not repeat it in detail. As is relevant to these appeals, ClearOne sued the defendants in 2007 for misappropriation of trade secrets. Bowers was not a defendant in that action, but he is the father of one of the defendants. After ClearOne prevailed at trial, a permanent injunction was entered against the defendants, prohibiting them from further using ClearOne's trade secrets. Bowers, however, continued to sell products containing ClearOne's trade secrets through a company registered in his name.

In August 2010, the district court found Bowers in contempt of court for violating the permanent injunction and other injunctive orders related to the use of

---

[1] Appeals 14-4052 and 14-4064 were consolidated for procedural purposes, as were appeals 14-4094, 14-4103, 14-4104, and 14-4108. We determined that all of these appeals should be considered together. Because Bowers is proceeding pro se, we construe his filings liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

ClearOne's trade secrets. The court also amended the permanent injunction to expressly cover Bowers, and prohibited him from engaging in the acts described in the original permanent injunction. He was given the opportunity to purge his contempt by providing specific information and materials in his possession. However, he failed to do so.

In October 2010, the district court ordered that Bowers be incarcerated until he purged his contempt. The district court then issued a bench warrant for his arrest, although it was not executed at that time because Bowers was not present in Utah. Bowers appealed from the contempt order, arguing that the court lacked personal jurisdiction over him as a non-party because he was not a named defendant in the original ClearOne trial. He further argued that the court erred by holding him in contempt of its injunctive orders. We concluded that the district court had personal jurisdiction over Bowers and affirmed the district court's contempt order. See ClearOne Commc'ns, Inc. v. Bowers, 651 F.3d 1200, 1210-16 (10th Cir. 2011).

Eventually, Bowers was indicted and arrested on criminal contempt charges. He was brought back to Utah, which led to the civil contempt bench warrant being executed. In August 2013, Bowers was released on conditions in the criminal case and was brought before the district court on the civil contempt warrant. The district court decided to release Bowers, although he had not yet purged his contempt. It began holding hearings on various issues in the case, including Bowers' motion to

stay the civil contempt proceedings pending the disposition of his criminal contempt case.

In May 2014, the district court denied Bowers' motion to stay the civil contempt proceedings. It also directed Bowers to serve ClearOne with written responses to the items enumerated in a January 2010 contempt order. ClearOne was then to review the responses and file them with the court along with commentary on the adequacy of each response. The court stated that "[t]he responses [would] be carefully reviewed for accuracy and completeness, and if found to be deficient, the full powers of the court to enforce the orders may be employed." Bowers' appeal of the denial of his motion to stay is before us as appeal 14-4052.

Bowers then filed a motion to recuse the district court judge. He appealed the denial of that motion in appeal number 14-4064. Over the next few months, he filed several other motions. When those were denied, he appealed from the denials in appeal numbers 14-4094 (denial of motion to receive electronic notification of docket activity); 14-4103 (denial of motion to vacate permanent injunction); 14-4104 (denial of motion to terminate the civil contempt proceedings); and 14-4108 (denial of motion requesting access to six sealed docket entries).

The civil contempt proceedings continued in the district court throughout 2014. In August, Bowers served ClearOne with responses to the contempt order. Subsequently, ClearOne filed the responses under seal with the court along with its commentary about the adequacy of the responses. ClearOne alleged that the

responses did not comply with the contempt order and filed a motion to enforce the court's previous order that Bowers be incarcerated until his contempt is purged. That matter remains pending before the district court.

**II**

We have an independent duty to examine our jurisdiction. See Amazon, Inc. v. Dirt Camp, Inc., 273 F.3d 1271, 1274 (10th Cir. 2001). "Generally, only final decisions of the district court are appealable." Id. at 1275. "To be final, a decision ordinarily ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment." Mesa Oil, Inc. v. United States, 467 F.3d 1252, 1254 (10th Cir. 2006) (citation and quotations omitted). Appellate jurisdiction under 28 U.S.C. § 1291 over an appeal from post-judgment civil contempt proceedings exists only when a finding of contempt has been made and a sanction imposed. See United States v. Gonzales, 531 F.3d 1198, 1202 (10th Cir. 2008).

When the district court released Bowers from incarceration under the 2010 bench warrant in August 2013, it reopened the civil contempt proceedings and gave Bowers another opportunity to purge his contempt. In its May 2014 order, the court indicated that it would review Bowers' responses to the 2010 contempt order and, if the responses were found to be deficient, would issue further orders as necessary to compel compliance. The district court has not yet issued an order determining the sufficiency of Bowers' responses or whether any sanction should be imposed.

Bowers asserts that the May 2014 order is reviewable under the collateral order doctrine. That doctrine is a narrow exception to the final judgment rule. Miller v. Basic Research, LLC, 750 F.3d 1173, 1176 (10th Cir. 2014). "Under the collateral order doctrine, the district court's order must [1] conclusively determine the disputed question [on appeal], [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." Id. (quotation omitted). Specifically, Bowers contends that providing disclosures in compliance with the May 2014 order would waive his Fifth Amendment rights in the parallel criminal contempt proceedings, and that this waiver would be unreviewable. But Bowers subsequently submitted responses to ClearOne that were allegedly in compliance with the May 2014 order. Accordingly, this argument is now moot.

Further, the district court specified that it was not ruling on the Fifth Amendment waiver issue, and would consider that issue once the responses were filed. Because the post-judgment civil contempt proceedings are ongoing and the district court has not yet entered a final, appealable order, this court lacks jurisdiction over the non-final orders at issue in appeals 14-4052, 14-4064, 14-4094, 14-4104, and 14-4108. None are appropriate for interlocutory review.

**III**

We have jurisdiction to review the district court's interlocutory order denying the motion to vacate the permanent injunction. See 28 U.S.C. § 1292(a)(1).

-6-

**A**

The district court had subject matter jurisdiction over the underlying trade secret action on diversity grounds. See 28 U.S.C. § 1332. Bowers argues that Rule 4.1(b) of the Federal Rules of Civil Procedure prevents the district court from having jurisdiction over him, but Rule 4.1(b) does not alter the district court's subject-matter jurisdiction; it speaks only to limits on the service and enforceability of an order committing a person for civil contempt in a case that does not involve a federal question. See Fed. R. Civ. P. Rule 4.1(b). The limits in Rule 4.1(b) precluded the district court from executing the civil contempt bench warrant it issued in October 2010. However, Rule 4.1(b) does not eliminate the district court's subject-matter jurisdiction over the post-judgment civil contempt proceedings.

Additionally, Bowers argues that the decision in <u>Allergan, Inc. v. Athena Cosmetics, Inc.</u>, 738 F.3d 1350 (Fed. Cir. 2013), <u>petition for cert. filed</u>, 82 U.S.L.W. 3690 (U.S. May 15, 2014), demonstrates that the district court lacks subject-matter jurisdiction. But <u>Allergan</u> involved a fact-specific question: whether a court abused its discretion by imposing a nationwide injunction. See <u>id.</u> at 1352. It did not involve any question of subject-matter jurisdiction, and accordingly does not help Bowers.

**B**

We review a district court's denial of a motion to vacate a permanent injunction for abuse of discretion. See <u>Sierra Club v. Cargill</u>, 11 F.3d 1545, 1548

-7-

(10th Cir. 1993).  "[C]hanges in injunctions must be based on some substantial change in law or facts."  SEC v. Blinder, Robinson & Co., 855 F.2d 677, 680 (10th Cir. 1988) (quotation omitted).

Bowers argues that the district court had no legal authority to issue a permanent injunction in 2009 because it allegedly used improperly modified language from a Supreme Court decision.  This argument is untimely and should have been made in his original appeal.  In ClearOne Communications, Inc. v. Bowers, 643 F.3d 735, 751-54 (10th Cir. 2011), we affirmed the district court's decision to enter the amended permanent injunction.  Bowers could have discovered the alleged improper modification of the language from the Supreme Court decision in that appeal.  Because he demonstrates no change in the law or facts that gave rise to the original injunction, there is no basis to vacate that injunction.

Bowers also renews his request to terminate the injunction pursuant to Utah Code § 13-24-3.  He raised this same argument in February 2011, but the district court lacked jurisdiction to hear it because the injunction was then being reviewed on appeal.  Moreover, these same arguments were made by Bowers' son and rejected by the district court throughout the underlying trade secret action.  Bowers has presented no new information that was not previously presented to and rejected by the district court.  Accordingly, there has been no change in the facts that would provide a basis for vacating the injunction.

Finally, Bowers advances a new argument on appeal that he did not raise below. He argues that ClearOne's trade secret is no longer protected based on a September 2014 press release, and that ClearOne's website reveals the trade secret to the public. If a theory is not raised before the district court, we usually hold it forfeited. See Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1127-28 (10th Cir. 2011). Thus, we need not resolve this issue, because Bowers did not raise these arguments in the district court.

Bowers has failed to demonstrate any change in the law or the facts following the district court's entry of the permanent injunction. Accordingly, the district court did not abuse its discretion when it denied the motion to vacate that injunction.

**IV**

We **DISMISS** appeal numbers 14-4052, 14-4064, 14-4094, 14-4104, and 14-4108 for lack of jurisdiction. Additionally, we **AFFIRM** the district court's order denying the motion to vacate the permanent injunction in appeal number 14-4103.

Bowers' request for appointment of counsel in appeal numbers 14-4104 and 14-4108 is **DENIED**. His motions for leave to proceed on appeal without prepayment of costs or fees in appeal numbers 14-4064, 14-4104 and 14-4108 are also **DENIED**. The filing fees for these appeals must be paid immediately.

ClearOne's motions to seal that were filed in the consolidated briefing in appeal numbers 14-4094, 14-4103, 14-4104, and 14-4108 are **GRANTED**. As ClearOne requested in those motions, the redacted versions of appellant's opening

brief and reply brief will remain available on the public docket and the unredacted versions shall remain sealed.

Entered for the Court


Carlos F. Lucero
Circuit Judge